**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*,[1] | Case No. 15-10197 (KJC) |
| Debtors. | (Joint Administration Requested) |
| RADIOSHACK CORPORATION, *et al.* | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 15-_____ (___) |
| MANOJ P. SINGH, JEFFREY SNYDER, WILLIAM A. GERHART, | |
| Defendants. | |

**COMPLAINT OF RADIOSHACK CORPORATION FOR
INJUNCTIVE AND DECLARATORY RELIEF EXTENDING AND
APPLYING THE AUTOMATIC STAY TO CERTAIN NON-DEBTORS**

RadioShack Corporation ("RadioShack") and certain of its affiliates as debtors and debtors in possession (collectively, the "Debtors") incorporate the statements contained in the Affidavit of Robert C. Donohoo (the "Donohoo Affidavit"), filed contemporaneously with this complaint and further aver as follows:

---

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

**Introduction**

1. The Debtors are filing this adversary proceeding to preserve the status quo and prevent the plaintiffs (the "401(k) Plaintiffs") in the litigation captioned In re 2014 RadioShack ERISA Litigation, Civil Action No. 4:14-cv-959-O (the "401(k) Action") pending in the United States District Court for the Northern District of Texas (the "District Court") from continuing the 401(k) Action as to certain non-debtor parties, including current and former directors and officers of RadioShack (the "401(k) Defendants"). Accordingly, through this adversary proceeding the Debtors seek, pursuant to sections 105 and 362 of the Bankruptcy Code, entry of an order prohibiting the 401(k) Plaintiffs from continuing the 401(k) Action against the 401(k) Defendants.

2. Specifically, the Debtors seek the following: (i) an injunction prohibiting the 401(k) Plaintiffs from continuing to prosecute the 401(k) Action against the 401(k) Defendants while the Debtors' bankruptcy cases remain pending; and (ii) a declaration that, while the Debtors' bankruptcy cases remain pending, the continuation of the 401(k) Action against the 401(k) Defendants constitutes a violation of section 362's automatic stay.

3. Contemporaneously with the filing of this complaint, the Debtors are also filing a combined motion and memorandum of law (the "Motion"), accompanied by the Donohoo Affidavit, which requests the relief sought in this proceeding.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**Basis for Relief**

6. The statutory bases for the relief requested herein are sections 105(a) and 362(a) of the Bankruptcy Code.

7. The Debtors have commenced this adversary proceeding in accordance with Bankruptcy Rule 7001.

8. No prior request for the relief requested herein has been made to this or any other court.

**Background**

9. On the date hereof (the "Petition Date"), each of the Debtors commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. Additional information regarding the Debtors and these cases, including the Debtors' businesses, corporate structure, financial condition, and the reasons for and objectives of these cases, is set forth in the First Day Declaration filed contemporaneously herewith in the Debtors' main bankruptcy cases.

*The 401(k) Action*

11. The 401(k) Action was originally filed as three separate actions (the "Original Actions" and, with respect to the complaints commencing those actions, the "Original Complaints").[2] The 401(k) Plaintiffs are current and former employees of the Debtors who bring their actions on behalf of the RadioShack 401(k) Plan and the RadioShack Puerto Rico 1165(e) Plan (together, the "Plans") and their respective participants. Collectively, the defendants named

---

[2] Singh v. Radioshack Corp., Civil Action No. 4:14-cv-00959-O (the "Singh Action"); Snyder v. RadioShack Corp., Civil Action No. 4:14-cv-00978-O; Gerhart v. RadioShack Corp., Civil Action No. 3:14-cv-04419-O. These complaints are attached hereto as Exhibit A.

in the Original Actions are: RadioShack, the Administrative Committee of the RadioShack 401(k) Plan and the Administrative Committee of the RadioShack Puerto Rico 1165(e) Plan, the 401(k) Employee Benefits Committee and the Puerto Rico Plan Benefits Committee, certain John Doe defendants and former and current directors and officers of RadioShack.[3]

12. On January 9, 2015, the Original Actions were consolidated as the 401(k) Action by agreed order ("the Consolidation Order"). See Agreed Order Regarding Consolidation of ERISA Actions and Appointment of Interim Class Counsel [D.I. 29], In re 2014 RadioShack ERISA Litigation, Civil Action No. 4:14-cv-959-O. Pursuant to the Consolidation Order, the defendants are not obligated to respond to any of the Original Complaints. See Consolidation Order ¶ 1.

13. On January 23, 2015, the parties filed the Joint Report on Scheduling Matters and Settlement Negotiations (the "Joint Report"). The Joint Report sets forth the parties' initial respective positions, based on the allegations set forth in the Original Complaint filed in the Singh Action, and proposes a schedule for the 401(k) Action.

14. On January 26, 2015, the District Court entered an order approving the parties' proposed schedule (the "Scheduling Order"). Scheduling Order [D.I. 34], In re 2014 RadioShack ERISA Litigation, Civil Action No. 4:14-cv-959-O. Pursuant to the Scheduling Order, all motions requesting joinder of additional parties or amendments to pleadings must be filed by March 27, 2015, the deadline for the parties' initial expert designations is July 24, 2015 and discovery is set to be completed on October 23, 2015. Id.

---

[3] The named officers and directors are: Joseph C. Magnacca (current chief executive officer and director), Robert E. Abernathy (current director), Frank J. Belatti (current director), Julie A. Dobson (current director), Daniel R. Feehan (current director), H. Eugene Lockhart (current director), Jack L. Messman (current director), Edwina D. Woodbury (current director), Thomas G. Plaskett (former director), James F. Gooch (former chief executive officer and director) and Martin O. Moad (former officer).

15. By separate order, the District Court has directed the 401(k) Plaintiffs to file their consolidated complaint by February 9, 2015, at which time the defendants' answer response period will begin to run.  See Order [D.I. 33], In re 2014 RadioShack ERISA Litigation, Civil Action No. 4:14-cv-959-O.

16. Though a consolidated complaint has not yet been filed, pursuant to the Original Complaints, it appears that the 401(k) Plaintiffs primarily allege that the defendants, including the 401(k) Defendants, breached fiduciary duties under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") by retaining RadioShack common stock as an investment option in the Plans.

*The 401(k) Defendants*

17. Each of the 401(k) Defendants who is a current officer or director of RadioShack has been significantly involved in developing and will remain critical to implementing the Debtors' bankruptcy strategy.

18. In particular, Mr. Magnacca, as chief executive officer of RadioShack, is responsible for making critical decisions with respect to RadioShack's business and operational strategy and will remain a central party in maximizing the value of the Debtors' estates in these cases.

19. The 401(k) Defendants who currently serve as directors of RadioShack are also critical to the successful implementation of these cases.  The Board of Directors is responsible for overseeing the conduct of RadioShack's business, reviewing major financial decisions, including a sale of substantially all of the RadioShack's assets, and actions and ensuring the overall compliance of RadioShack with applicable laws.  Several of the 401(k) Defendants also serve on various committees such as the Audit and Compliance Committee, the Corporate Governance Committee and the Management Development and Compensation

Committee, each of which will likely have an important role to play during the pendency of these cases.

20. If the above individuals were forced to continue defending the 401(k) Action, valuable resources will be diverted from the Debtors' bankruptcy-related efforts at a time when, particularly given the rapid pace and compressed timeframe of these cases, the Debtors cannot afford it.

21. In addition, RadioShack has indemnification obligations to its former and current officers and directors pursuant to its corporate by-laws. Thus, many, if not all, of the 401(k) Defendants are entitled to indemnification with the effect that a judgment against such 401(k) Defendants is essentially a judgment against RadioShack itself.

22. This complaint seeks to extend and/or apply the automatic stay that accompanies the Debtors' bankruptcy filing to the 401(k) Defendants in the 401(k) Action.

**Relief Requested**

23. Each of the 401(k) Plaintiffs have brought an action against the 401(k) Defendants in the 401(k) Action.

24. The relief sought by this adversary proceeding—extending and applying the automatic stay to the 401(k) Action with respect to the 401(k) Defendants—is necessary to preserve the Debtors' prospects of successfully implementing their bankruptcy strategy, to protect the integrity of the automatic stay, and to prevent prejudice to the Debtors' estates.

25. To guard against the irreparable harm the Debtors would suffer in the event that the 401(k) Action is allowed to proceed against the 401(k) Defendants during the Debtors' bankruptcy proceeding, the Debtors seek: (i) an injunction prohibiting the 401(k) Plaintiffs from continuing the 401(k) Action with respect to the 401(k) Defendants while the bankruptcy cases remain pending; and (ii) a declaration that, while the Debtors' bankruptcy cases

remains pending, the continuation of the 401(k) Action against the 401(k) Defendants constitutes a violation of section 362's automatic stay.

**Count I:  Injunctive Relief, Pursuant to
Sections 105 and 362 of the Bankruptcy Code**

26. The Debtors incorporate by reference paragraphs 1 through 26 as if fully set forth herein.

27. Section 105(a) of the Bankruptcy Code authorizes and empowers this Court to issue any orders that will further the purposes and goals of the Bankruptcy Code, assist in the orderly and effective administration of the Debtors' bankruptcy cases, aid in the preservation of the assets of the Debtors' estates, and aid in the promulgation and confirmation of a chapter 11 plan that maximizes value for all stakeholders.

28. Pursuant to sections 362 and 105(a) of the Bankruptcy Code, this Court may enjoin creditor actions against third parties where necessary to prevent an adverse impact on the Debtors' estates or to assure the orderly administration of the Debtors' chapter 11 estates and proceedings.

29. The issuance of an injunction is appropriate to prohibit the 401(k) Plaintiffs from continuing to prosecute the 401(k) Action against the 401(k) Defendants while the Debtors' bankruptcy cases remain pending, and it is necessary to protect the Debtors' ability to efficiently maximize value for the benefit of all stakeholders.

30. The Debtors are substantially likely to prevail on the merits of the complaint.  The injunctive relief sought by the Debtors is necessary to permit the Debtors an unobstructed opportunity to effectuate their bankruptcy strategy of maximizing value and recoveries for stakeholders.

31. At this early stage, there is a likelihood that the Debtors' bankruptcy strategy will succeed in maximizing recoveries for stakeholders. The Debtors have negotiated postpetition financing with certain of their prepetition lenders and will continue to operate their business as they pursue their goal of closing underperforming stores and pursuing a sale of their remaining assets. These factors, along with the early stage of these cases, suggest that there is a likelihood of success on the merits.

32. Allowing the 401(k) Plaintiffs to continue the 401(k) Action against the 401(k) Defendants during the pendency of the Debtors' bankruptcy would result in irreparable harm to the Debtors because: (a) findings and judgments in the 401(k) Action against the 401(k) Defendants might bind RadioShack under the doctrines of res judicata and collateral estoppel; (b) RadioShack likely has an obligation to indemnify many, if not all, of the 401(k) Defendants for all liability they incur based on the 401(k) Action; (c) statements, testimony, and other evidence generated in the 401(k) Action against the 401(k) Defendants could be used to establish RadioShack's own liability, either in the bankruptcy or in future litigation; and (d) RadioShack would be forced to actively participate in the 401(k) Action, both through witnesses and as a de facto party. For these reasons, the continuation of the 401(k) Action against the 401(k) Defendants would irreparably harm the Debtors by compromising the integrity of the automatic stay and prejudicing the Debtors' estates.

33. The likelihood of irreparable harm to RadioShack in the absence of injunctive relief far outweighs any harm that the 401(k) Plaintiffs could plausibly suffer due to an injunction. Any delay in obtaining recovery may not be significant given the accelerated and compressed timeframe of the Debtors' proposed bankruptcy strategy.

34. The injunctive relief requested herein will serve the public interest by promoting compliance with the congressional purposes underlying the automatic stay and encouraging a successful outcome in these cases.  Granting the requested relief will also prevent certain creditors from pursuing recoveries to the prejudice of other creditors.

35. Given these competing interests, an injunction barring the 401(k) Plaintiffs from continuing the 401(k) Action against the 401(k) Defendants while the Debtors' bankruptcy cases remain pending is appropriate and essential to the orderly and effective administration of the Debtors' estates.  Accordingly, good cause exists for the entry of injunctive relief pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Bankruptcy Rule 7065.

WHEREFORE, the Debtors respectfully request that this Court:  (i) after notice and a hearing, issue an injunction prohibiting the continuation of the 401(k) Action against the 401(k) Defendants while the Debtors' bankruptcy cases remain pending, pursuant to sections 105 and 362 of the Bankruptcy Code; and (ii) grant such other and further relief as the Court may deem proper.

**Count II:  Declaratory Relief Pursuant to Section 362 of the Bankruptcy Code**

36. The Debtors incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

37. Upon the filing of a bankruptcy petition, section 362(a) of the Bankruptcy Code operates automatically to stay, among other actions,  "the commencement or continuation . . . of a . . . proceeding against the debtor . . . or to recover a claim against the debtor." 11 U.S.C. § 362(a)(1).

38. Application or extension of the automatic stay to the continuation of the 401(k) Action against the 401(k) Defendants while the Debtors' bankruptcy cases remain pending is warranted in this case because those actions or claims are inextricably intertwined

with the pursuit of the 401(k) Action against RadioShack, and hence constitute actions that are "against the debtor" or that seek "to recover a claim against the debtor" within the meaning of section 362(a)(1) of the Bankruptcy Code.  The inextricably intertwined nature of RadioShack's and the 401(k) Defendants' purported liability for 401(k) Action also makes RadioShack the real-party defendant in the 401(k) Action, a circumstance that likewise warrants application or extension of the automatic stay.

WHEREFORE, the Debtors respectfully request that this Court:  (i) after notice and a hearing, enter an order and judgment declaring that the continuation of the 401(k) Action against the 401(k) Defendants while the Debtors' bankruptcy cases remain pending violates the automatic stay imposed by section 362(a)(1) of the Bankruptcy Code; and (ii) grant such other and further relief as the Court may deem proper.

Dated:  February 6, 2015
         Wilmington, Delaware

Respectfully submitted,

/s/ David M. Fournier
David M. Fournier (DE 2812)
Evelyn J. Meltzer (DE 4581)
John H. Schanne, II (DE 5260)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

         -and-

David G. Heiman (OH 0038271)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Gregory M. Gordon (TX 08435300)
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Thomas A. Howley (TX 24010115)
Paul M. Green (TX 24059854)
JONES DAY
717 Texas Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600

PROPOSED ATTORNEYS FOR THE PLAINTIFFS